No. 2538.

CHARLES SMITH v. THE STATE.

THEFT—ACCOMPLICE TESTIMONY—FACT CASE.—A conviction based upon the uncorroborated testimony of an accomplice can not stand.   See the statement of the case for the substance of evidence *held* insufficient to support a conviction for hog theft.

APPEAL from the County Court of Leon.   Tried below before the Hon. H. B. Pruitt, County Judge.

The conviction was for the theft of Utsey's hog, and the penalty assessed was a fine of one dollar and imprisonment in the county jail for one day.

The substance of the testimony of the prosecuting witness Clements was that he and his family occupied a tent on the place of the defendant, about one hundred yards from defendant's house.   On the morning of November 27, 1887, defendant sent for the witness to kill a hog for him.   Witness went to defendant's house and defendant pointed out to him a certain black and white sow, wearing a bell.   Witness shot and killed

the sow at defendant's crib. Smith almost immediately fled into the house. The witness then discovered three men riding along the road, and, as it was raining, he went into the house to prevent his gun from getting wet. He and defendant afterwards went to the crib, and the defendant covered up the body of the hog with some potato vines. Witness then asked defendant whose hog he had killed, and defendant replied that it belonged to old man Utsey. Witness on the same day helped defendant butcher the carcass and bury the entrails in two holes dug behind the crib. He afterwards purchased one-half of the meat from defendant. The defendant secreted the bell in the shuck bin. It was afterwards turned over to constable Linson. About two or three days after the killing of the hog the witness went to old man Utsey and told him that he had killed the sow by direction of the defendant. This witness declared that he did not know who owned the animal until told by defendant soon after the killing.

Utsey testified, for the State, that about a week after the alleged killing of the sow, William Clements came to his house and told him that, by direction of defendant, he had killed a sow which corresponded with the witness's animal. Witness then summoned Constable Linson, and Clements guided them to a place where some hog entrails were buried, and from among some shucks in the crib loft produced the bell which he said was on the sow's neck when killed, and which was on the witness's sow when the witness last saw her, a day or two before the alleged killing. Since that time the witness had not seen the sow. He knew nothing whatever about the killing of the animal except what he was told by Clements.

*W. M. Johnston* and *J. J. Dotson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction is for theft of a hog, with penalty fixed at a fine of one dollar and one day's imprisonment.

On the trial the State introduced one William Clements as a witness, by whom a very clear case of theft was shown against the appellant, but this witness is not corroborated in such manner as is required by law. The facts sworn to by the other witnesses do not tend to connect appellant with the theft of

the hog. They tend to show that some one had stolen Utsey's hog, but point to no particular person as being the thief. Clement's evidence, who was evidently an accomplice, if not the only thief in this transaction, alone directs the criminative facts towards appellant. It is Clements who gives direction to the criminative facts, which show a theft by some person, by connecting appellant with these; whereas, without his testimony they would point to no person with certainty, and to Clements as unerringly as to any other person, if not with greater certainty.

The accomplice, Clements, not being corroborated, the verdict is not supported by the testimony, and therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*